

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**JESSE E. HUDSON III**
Assistant Corporation Counsel
Phone: (212) 356-2172

January 19, 2024

**BY ECF**
Honorable Edgardo Ramos
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

**MEMO ENDORSED**, last page.

    Re:  Disability Rights New York, et. al. v. City of New York, et al.,
           22-CV-4493 (ER)

Your Honor:

        I am an Assistant Corporation Counsel assigned to represent defendants City of New York, New York City Police Department Commissioner Edward Caban, and New York City Department of Transportation Commissioner Ydanis Rodriguez in the above-referenced matter. The parties write jointly to respectfully request that the Court (1) refer this matter for mediation, and (2) grant a stay of discovery while the parties are engaged in mediation.

        As the Court may recall, the parties participated in an initial conference before the Court on November 1, 2023 during which a case management plan was entered. At the time, defendants required additional information to determine whether a referral for settlement discussions would be fruitful. Since the conference, the parties have exchanged initial disclosures, and plaintiffs produced additional discovery materials. The parties conferred on January 16, 2024, and agree that they are now in a position to engage in meaningful settlement conversations in an attempt to resolve this matter. Accordingly, the parties request a referral to the Court's mediation program.

        Further, the parties agree that the best course of action is to attempt to resolve this matter through mediation prior to incurring the time and expense of further discovery, including depositions and expert discovery. A district court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." Louis Vuitton Malletier S.A. v. LY USA, Inc., 676 F.3d 83, 96 (2d Cir. 2012) (quoting Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). In determining whether to grant a stay, courts in the Second Circuit consider

five factors: (1) the private interests of the plaintiffs in proceeding expeditiously with the litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. See Loftus v. Signpost, Inc., No. 19-CV-7984 (JGK), 464 F. Supp. 3d 524, 526-27 (S.D.N.Y. June 2, 2020) (citing Kappel v. Comfort, No. 95-CV-2121 (MBM), 914 F. Supp. 1056, 1058 (S.D.N.Y. Feb. 15, 1996)).

Here, the parties agree that all five factors indicate a stay is warranted. The potential resolution of this matter at this relatively early date, avoiding the burden of time-consuming and expensive discovery, would serve the parties', the court's, potentially-interested third parties', and the public's interests in efficiency and resource management.

Accordingly, the parties respectfully request that the Court (1) refer this matter to the mediation program, and, (2) grant a stay of discovery during the time that the parties are engaged in mediation. To the extent that the Court wishes to be updated regarding the status of mediation and any progress toward resolution, the parties suggest that they update the Court via joint letter monthly on the 15th of each month until a resolution is reached or the stay is lifted. Should the parties realize that the case will not be resolved through mediation, they will promptly update the court, and propose a new schedule for the remaining discovery and motion practice.

The parties thank the Court for its consideration of this request.

Respectfully submitted,

Jesse E. Hudson III
Assistant Corporation Counsel
Administrative Law and Regulatory
Litigation Division

---

The Court will issue a mediation referral order and discovery is stayed while the parties engage in mediation. The parties are directed to provide an update at the conclusion of mediation.
SO ORDERED.

Edgardo Ramos, U.S.D.J.
Dated: 1/23/2024
New York, New York